UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

          v.

TRAVIS LEWIS, IV,

                                 Defendant.
_____

                                                                                      DECISION AND ORDER

                                                                                      23-CR-6076DGL

       Defendant Travis Lewis, IV ("Lewis") moves by counsel (the Federal Public Defender) for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The motion is based on an amendment to the United States Sentencing Guidelines (U.S.S.G.) § 4A1.1(d), effective November 1, 2023, which results in a lower guideline range for the defendant, because so-called "status points" were eliminated.

       Furthermore, the Sentencing Commission voted to apply the amendment retroactively, *see* U.S.S.G. § 1B1.10. The effective date though of the retroactivity amendment is February 1, 2024.

       Defendant's motion was filed, *pro se*, on May 13, 2024 (Dkt. #49), and then by counsel on June 14, 2024 (Dkt. #51). The United States Probation Office filed a Supplemental Presentence Report on July 12, 2024 (Dkt. #53). The Government filed its Opposition to the motion on August 6, 2024 (Dkt. #55) and the defendant filed a Reply to the Government's Opposition on August 20, 2024 (Dkt. #56).

       The statute and caselaw directs that the Court must first determine whether a defendant is eligible for a sentence modification. Then the Court must determine the guideline range that would

have been applicable had the relevant amendment been in effect. Generally, U.S.S.G. § 1B1.10(b)(2) limits the extent of the reduction and the Court may not reduce the term to less than the minimum of the amended guideline range. The other important requirement is that the Court must consider any applicable sentencing factor under 18 U.S.C. § 3553(a) and determine whether, in its discretion, the reduction is warranted on the particular circumstances of the case.

I am familiar with this defendant, his conviction, and prior sentence. I have reviewed all of the matters submitted and carefully considered the sentencing factors under 18 U.S.C. § 3553(a). I hereby DENY defendant's motion for a sentence reduction.

The Government concedes that Lewis is eligible for a reduction. Because the "status points" have now been eliminated, Lewis's guideline range is affected.

There are several reasons for denial of this motion. First of all, the status points, which are now eliminated, had very little to do with Lewis's sentence. Lewis accepted a plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) to 36 months imprisonment which was above the guideline range the parties anticipated in the Plea Agreement. Lewis received a benefit for accepting this plea. Because of his prior record, if prosecuted in state court, according to the Government, he would have faced a mandatory minimum sentence of 60 months with a much higher maximum penalty. Furthermore, the Government agreed that no further federal charges would be filed if Lewis accepted the 36-month sentence. Lewis did so and there has been no prosecution in state court, nor any additional prosecution in federal court. Lewis got the benefit of the sentencing agreement and should not complain now. In addition though, as the Government points out in detail in its Opposition, Lewis has a significant prior criminal record involving assault charges, narcotics offenses and weapons possession. The charge that he pleaded to here is also a weapons offense, that is, as a previously-convicted felon he possessed a firearm.

The Government also notes that defendant's conduct while under Court supervision is dismal. In one instance there was a violation of parole and another violation of probation. Finally, the present guideline range is 24-30 months, which was precisely what the parties anticipated would be the case in the Plea Agreement. In the original Presentence Report, Probation calculated the guideline range to be 30-37 months, but the Court adopted the agreed-upon sentence and imposed a term of 36 months. That sentence was appropriate when imposed and I would impose the same sentence now by accepting the Rule 11(c)(1)(C) Agreement which, as mentioned, significantly benefited Lewis.

As required, I have considered all of the sentencing factors under 18 U.S.C. § 3553(a) and I believe the nature of this offense and the prior history and characteristics of Lewis dictate against any reduction of sentence. Furthermore, a significant sentence based on Lewis's prior conduct while on supervision should have some deterrent effect for him and others who persist in the business of possessing firearms illegally.

## CONCLUSION

Defendant Travis Lewis, IV's motion for a reduction of sentence (Dkt. #49, #51) is hereby DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 6, 2024.